UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

MURRY LOCKE,

        Petitioner,

        v.                          Case No. 22-C-189

WARDEN CHERYL EPLETT,

        Respondent.

___

## SCREENING ORDER

___

On February 15, 2022, Petitioner Murry Locke, who is currently incarcerated at Oshkosh Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Oconto County Circuit Court of two counts of possession of child pornography. On November 29, 2011, the trial court imposed consecutive sentences on each count, with each term consisting of five years of initial confinement and five years of extended supervision. Petitioner's total sentence was ten years of initial confinement and ten years of extended supervision.

Petitioner appealed on the basis that the State breached the plea agreement at sentencing, and the Wisconsin Court of Appeals reversed the conviction and remanded for resentencing on July 30, 2013. *See State v. Locke*, 2013 WI App 105, 349 Wis. 2d 789, 837 N.W.2d 178. On January 17, 2014, Petitioner was resentenced by a different judge, who imposed fifteen years of initial confinement and ten years of extended supervision on each count, to be served consecutively. In other words, Petitioner's total sentence was thirty years of initial confinement and twenty years of extended supervision. The parties stipulated that Petitioner's counsel was

constitutionally ineffective, so the court vacated the judgment of conviction and ordered Petitioner to be resentenced by a new judge.

On February 18, 2015, a third judge sentenced Petitioner to seven years of initial confinement and five years of extended supervision on each count, to be served consecutively. Petitioner's total sentence was fourteen years of initial confinement and ten years of extended supervision. Judgment was entered on March 3, 2015. *See* Consolidated Court Automation Programs (CCAP), Wisconsin Circuit Court Access, Case No. 20CF162, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2010CF000162&countyNo=42&mode=details (last visited Feb. 22, 2022).

Petitioner subsequently appealed the judgment of conviction. The Wisconsin Court of Appeals affirmed the judgment of conviction on March 1, 2017. *See State v. Locke*, No. 2015AP1860, 2017 WL 873209 (Wis. Ct. App. Mar, 1, 2017). The Wisconsin Supreme Court denied review on October 9, 2017. *See State v. Locke*, 2017 WI 94, 378 Wis. 2d 222, 904 N.W.2d 371.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. Under 28 U.S.C. § 2244(d), the one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a petitioner files his petition outside of the one-year limitations period, his application is time-barred. In this case, it appears the petition is untimely, as it was filed after the limitations period had expired. Although Locke moved to modify his sentence in 2018, motions that do not directly challenge the conviction do not impact the tolling of AEDPA's statute of limitations. *See Price v. Pierce*, 617 F.3d 947, 955 (7th Cir. 2010). Before dismissing a habeas application for untimeliness, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198 (2006).

**IT IS THEREFORE ORDERED** that within 30 days of the date of this order, Petitioner shall show cause, if any, why his application for relief under § 2254 is not time-barred. If the petitioner fails to respond within 30 days, his petition will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Respondent shall have 21 days following the filing of the petitioner's brief within which to file a response.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the petitioner is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Dated at Green Bay, Wisconsin this 1st day of March, 2022.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge