UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MURRY LOCKE,

        Petitioner,

        v.                                      Case No. 22-C-189

WARDEN CHERYL EPLETT,

        Respondent.

## DECISION AND ORDER

Petitioner Murry Locke, who is currently incarcerated at Oshkosh Correctional Institution, filed this petition pursuant to 28 U.S.C. § 2254. Locke was convicted in Oconto County Circuit Court of two counts of possession of child pornography. On November 29, 2011, the trial court imposed consecutive sentences on each count, with each term consisting of five years of initial confinement and five years of extended supervision. Locke's total sentence was ten years of initial confinement and ten years of extended supervision.

Locke appealed, arguing that the State breached the plea agreement at sentencing. The Wisconsin Court of Appeals reversed the conviction and remanded for resentencing on July 30, 2013. *See State v. Locke*, 2013 WI App 105, 349 Wis. 2d 789, 837 N.W.2d 178. On January 17, 2014, Locke was resentenced by a different judge, who imposed fifteen years of initial confinement and ten years of extended supervision on each count, to be served consecutively. The parties later stipulated that Locke's counsel was constitutionally ineffective, so the court vacated the judgment of conviction and ordered Locke to be resentenced by a new judge.

On February 18, 2015, a third judge sentenced Locke to seven years of initial confinement and five years of extended supervision on each count, to be served consecutively. Locke's total sentence was fourteen years of initial confinement and ten years of extended supervision. Judgment was entered on March 3, 2015. *See* Consolidated Court Automation Programs (CCAP), Wisconsin Circuit Court Access, Case No. 20CF162, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2010CF000162&countyNo=42&mode=details (last visited Apr. 18, 2022). Locke appealed the judgment of conviction, and the Wisconsin Court of Appeals affirmed the judgment of conviction on March 1, 2017. *See State v. Locke*, No. 2015AP1860, 2017 WL 873209 (Wis. Ct. App. Mar. 1, 2017). The Wisconsin Supreme Court denied review on October 9, 2017. *See State v. Locke*, 2017 WI 94, 378 Wis. 2d 222, 904 N.W.2d 371.

Locke filed a motion to modify his sentence on August 25, 2018, which the trial court denied. He appealed, and the Wisconsin Court of Appeals affirmed the trial court's decision on August 18, 2020. *See State v. Locke*, No. 2018AP2446, 2020 WI App 60, 394 Wis. 2d 187, 949 N.W.2d 881. The Wisconsin Supreme Court denied Locke's petition for review on February 24, 2021.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). Where a petitioner challenges the validity of a state court judgment, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). On March 1, 2022, the Court noted that Locke's petition appeared untimely and directed him to show cause why his application for relief was not time-barred. Dkt. No. 7. Locke responded to the Court's order to show cause

on March 24, 2022, asserting that he has been continuously appealing and seeking review of his case since his 2015 resentencing. Locke's conviction became final on January 7, 2018. Therefore, Locke had one year, until January 7, 2019, to file a habeas petition challenging his conviction. Locke did not file his petition until February 15, 2022. Although Locke moved to modify his sentence in 2018, motions that do not directly challenge the conviction do not impact the tolling of AEDPA's statute of limitations. *See Price v. Pierce*, 617 F.3d 947, 955 (7th Cir. 2010). In any event, even if Locke's motion to modify his sentence had tolled the statute of limitations, his petition would be untimely. Locke filed the motion to modify 230 days after his conviction became final, and the Wisconsin Supreme Court denied Locke's petition for review on February 24, 2021. As a result, the limitations period would have started to run on that day and would have expired 135 days later, on July 9, 2021. Locke filed the petition on February 15, 2022.

For these reasons, Locke's § 2254 petition is untimely. Because Locke has failed to show cause sufficient to excuse his untimely application for relief under § 2254, his petition is **DENIED** and the case is **DISMISSED**. The Clerk is directed to enter judgment accordingly. A certificate of appealability will be denied. I do not believe that reasonable jurists would believe that Locke has made a substantial showing of the denial of a constitutional right.

Locke is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. Civ. P. 3, 4.

**SO ORDERED** at Green Bay, Wisconsin this 19th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge